FILED
U.S. DISTRICT COURT
DIV.
2011 JUL 12 PM 2: 32

CLERK _R Ow_
SO. DIST. OF GA.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

ANTHONY POWELL,

    Plaintiff,

  v.

Chief WOODS, Chief of Security;
Warden GOODRICH; ANGELA
McQUAIG; Ms. WILSON, Officer;
and Warden MILES,

    Defendants.

    CIVIL ACTION NO.: CV511-056

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at Coffee Correctional Facility in Nicholls, Georgia, filed an action pursuant to 42 U.S.C. § 1983. An inmate proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C.A. § 1915A(b)(1) and (2).

In <u>Mitchell v. Farcass</u>, 112 F. 3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F. 3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. <u>Hughes v. Rowe</u>, 449 U.S. 5, 10 (1980); <u>Mitchell</u>, 112 F. 3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts Defendant Woods assaulted him by kicking him from behind while he was handcuffed, lifting Plaintiff up by his arms, and slamming him on the ground. Plaintiff states he experienced blurred vision and sustained a fractured wrist and hand. He states he did not receive medical care for three months after his injury.

Plaintiff names Warden Goodrich, Angela McQuaig, Ms. Wilson, and Warden Miles as Defendants in this case. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). In order to state a claim for relief under 42 U .S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." <u>Hale v. Tallapoosa County</u>, 50 F .3d 1579, 1582 (11th Cir . 1995) . Second, a plaintiff must

allege that the act or omission was committed by "a person acting under color of state law ." Id.

Plaintiff fails to make any factual allegations that the aforementioned Defendants are involved in any way with his § 1983 claim. He only states Defendants McQuaig and Wilson told Plaintiff that he was not going to eat the morning of October 1, 2010. He never mentions Defendants Goodrich and Miles in his complaint. Plaintiff fails to allege any facts showing that these Defendants deprived him of any Constitutional "right, privilege, or immunity."

Plaintiff's remaining claims are addressed in an Order of even date.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Warden Goodrich, Angela McQuaig, Ms. Wilson, and Warden Miles be **DISMISSED** as Defendants in this case.

**SO REPORTED** and **RECOMMENDED**, this _12th_ day of July, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE