FILED
U.S. DISTRICT COURT
 DIV.
2012 APR 16 PM 4:41
CLERK R.Ock
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

ANTHONY POWELL,

    Plaintiff,

v.                                       CIVIL ACTION NO.: CV511-056

MICHAEL WOODS, Chief of Security;
JERRY MILES; ANGELA McQUAIG;
and TIFFANEY WILSON,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed a cause of action pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights while he was housed at the Coffee Correctional Facility in Nicholls, Georgia. On February 23, 2012, Defendants filed a Motion for Summary Judgment. The Clerk of Court mailed a Notice to Plaintiff advising him that Defendants filed a Motion for Summary Judgment and that a response must be filed by March 18, 2012. (Doc. No. 51). That Notice further advised Plaintiff that:

1. If you do not timely respond to this motion . . ., the consequence may be that the Court will deem the motion unopposed, and the Court may enter judgment against you.

2. If your opponent's Statement of Material Facts sets forth facts supported by evidence, the Court may assume that you admit all such facts unless you oppose those facts with your own Statement of Material Facts which also sets forth facts supported by evidence.

3. If a summary judgment motion is properly supported, you may not rest on the allegations in your [Complaint] alone.

Plaintiff has failed to file a Response to Defendants' Motion for Summary Judgment. However, "the district court cannot base the entry of summary judgment on the mere fact that the motion [is] unopposed but, rather, must consider the merits of the motion." United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101 (11th Cir. 2004) (citation omitted). Specifically, the court "must still review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact." Mann v. Taser Intern., Inc., 588 F.3d 1291, 1303 (11th Cir. 2009) (citation omitted). For the following reasons, Defendants' Motion should be **GRANTED** in part and **DENIED** in part.

## STATEMENT OF THE CASE

Plaintiff's Complaint arises out of an alleged incident that occurred in October 2010. (Doc. No. 1, p. 5). Plaintiff's dorm was involved in an incident wherein when the dorm doors opened for the inmates' early morning meal all of the inmates went out at once. (Doc. No. 50-1, Pl.'s Dep., pp. 4–5). When the inmates rushed the door, Defendant Officer Angela McQuaig ("McQuaig") was pushed out of the way. (Doc. No. 50-1, McQuaig Aff., p. 19). McQuaig called Defendant Michael Woods ("Woods"), Chief of Security, and told him about the situation. (Id.).

About an hour and a half later Plaintiff was one of fifteen to twenty inmates, (Doc. No. 50-1, Pl.'s Dep., p. 6), identified by McQuaig as being involved in the morning incident,[1] (Doc. No. 50-1, Woods Aff., p. 21). As inmates were identified by McQuaig, they were handcuffed and taken into the adjacent hallway and placed face down. (Id.). Plaintiff was taken to the hallway by Woods. (Doc. No. 50-1, Pl.'s Dep., p. 7). Plaintiff

---

[1] Plaintiff maintains that he was not involved in the incident, (Doc. No. 50-1, Pl.'s Dep., pp. 13–14); however, this is not material to his claims.

states that Woods "kicked [him] from the back on [his] leg and tried to trip [him] up. And grabbed [him] in the air and dropped [him] on [his] face on the side of [his] head." (Id.). The left side of Plaintiff's head struck the floor, and Plaintiff sustained a knot and an abrasion but no cuts. (Doc. No. 50-1, Pl.'s Dep., pp. 8–9). The left side of Plaintiff's body also met the floor, and Plaintiff used his left hand to brace himself. (Doc. No. 50-1, Pl.'s Dep. p., 9). Plaintiff was handcuffed at this time. (Id.). Plaintiff was taken to segregation, and a nurse saw him there. (Id.).

Plaintiff states that, as a result of his contact with Woods, he sustained the following ongoing injuries: head pain, sleeping problems, "[a]nd [his] shoulder, and [his] back, and [his] wrist. This whole right hand is messed up." (Doc. No. 50-1, Pl.'s Dep., p. 8). Additionally, Plaintiff states that, directly following the alleged incident, he sustained a knot and an abrasion on his head, (Doc. No. 50-1, Pl.'s Dep., pp. 8–9), and a fractured and swollen wrist and hand, (Doc. No. 1, p. 5). Plaintiff states that he saw a nurse while in segregation. (Doc. No. 50-1, Pl.'s Dep., p. 9). Additionally, Plaintiff states that in January 2011, approximately three months after the incident, he received treatment in the form of pain pills and an examination of his shoulder. (Doc. No. 50-1, Pl.'s Dep., pp. 9–10). He states that "so far they really couldn't do nothing." (Doc. No. 50-1, Pl.'s Dep., p. 10).

Plaintiff sued Woods and McQuaig. Additionally, Plaintiff sued Assistant Warden Jerry Miles ("Miles") alleging that he was present during the incident and "acted maliciously and sadistically to cause harm" and that he "is legally responsible for the operation at Coffee Correctional Facility and for the welfare of all the inmates of that prison." (Doc. No. 24, p. 3). Finally, Officer Tiffaney Wilson ("Wilson") has been named

a Defendant as a result of her alleged presence during the incident. (Doc. Nos. 24, p. 3, and 21, p. 1). Plaintiff also states in general terms that overcrowding in the prison led to his injuries. (Doc. No. 24, p. 2). Plaintiff has not named any medical personnel as defendants.

Defendants contend that Woods did not use excessive force when restraining Plaintiff and that the other Defendants were not present for and not aware of the situation between Plaintiff and Woods. Defendants also contend that Miles is not liable solely because of his supervisory position.

## **STANDARD OF REVIEW**

Summary judgment "shall" be granted if "the movant[s] show[ ] that there is no genuine dispute as to any material fact and that the movant[s are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) and Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).

The moving parties bear the burden of establishing that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law. See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact and the movant[s] [are]

4

entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322–23 (1986)). In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Cnty., Fla., 630 F.3d 1346, 1353 (11th Cir. 2011).

## DISCUSSION AND CITATION TO AUTHORITY

### A. Plaintiff's claim against Woods for use of excessive force

The Eighth Amendment's prohibition against the use of cruel and unusual punishment governs the amount of force that a prison official is entitled to use. Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). An excessive force claim has two requisite parts: an objective and a subjective component. Sims v. Mashburn, 25 F.3d 980, 983 (11th Cir. 1994). In order to satisfy the objective component, the inmate must show that the prison official's conduct was "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994). The subjective component requires a showing that the force used was "maliciously and sadistically for the very purpose of causing harm" rather than a good-faith effort to maintain or restore discipline. Whitley v. Albers, 475 U.S. 312, 320–21 (1986). In other words, to establish a claim for excessive force, the plaintiff must show that (1) the defendants acted with a malicious and sadistic purpose to inflict harm, and (2) that more than a de minimis injury resulted. Johnson v. Breeden,

280 F.3d 1308, 1321 (11th Cir. 2002). Defendants contend that Plaintiff cannot prove either component of his excessive force claim.

Defendants argue that there is no genuine dispute as to any material fact regarding whether Woods acted with a malicious and sadistic purpose to inflict harm. In support of their Motion, Defendants submitted the deposition of Plaintiff and the affidavits of McQuaig, Woods, Miles, and Wilson, which they used to derive a Statement of Undisputed Material Facts.

In order to determine whether the force was used for the malicious and sadistic purpose of causing harm or whether the force was applied in good faith, the following factors are relevant: the need for the exercise of force, the relationship between the need for force and the force applied, the extent of injury that the inmate suffered, the extent of the threat to the safety of staff and other inmates, and any efforts taken to temper the severity of a forceful response. Fennell v. Gilstrap, 559 F.3d 1212, 1217 (11th Cir. 2009).

According to Defendants, it is undisputed that Plaintiff physically resisted Woods' effort to restrain him and that Woods used minimal force to do so. (Doc. No. 50, p. 2). This is supported by Woods' affidavit which states, in pertinent part, that, after Plaintiff was handcuffed, Plaintiff "began to pull away from [Woods] even though he was restrained. [Woods] gained positive control over [Plaintiff] by holding his arm and taking his feet out from underneath him. [Woods] lowered [Plaintiff] to the floor and left to attend to other inmates. . . . [Woods] did not kick, punch or take any other action which [he] thought would hurt [Plaintiff]. However, because of [Plaintiff's] resistance to orders, it was necessary to take him down to the floor." (Doc. No. 50-1, Woods Aff., pp. 21–22).

But in his deposition Plaintiff stated that he did not do or say anything prior to being taken down to the floor. (Doc. No. 50-1, Pl.'s Dep., p. 7). And Plaintiff states that Woods "kicked [him] from the back on [his] leg and tried to trip [him] up. And grabbed [him] in the air and dropped [him] on [his] face on the side of [his] head." (Doc. No. 50-1, Pl.'s Dep., p. 7).

Whether Plaintiff resisted Woods' effort to restrain him is in dispute. Taking Plaintiff's version of the facts as true, as is required at the summary judgment stage, Plaintiff did not do or say anything prior to being taken down to the floor, and the entire altercation occurred after Plaintiff was already handcuffed. Once an inmate is handcuffed, the need for the application of any force is very low. Smith v. Vavoulis, 373 F. App'x 965, 967 (11th Cir. 2010). There exists a genuine dispute as to whether Woods needed to use any force against Plaintiff.

Whether Woods kicked Plaintiff is also disputed. There exists a genuine dispute as to how much force was applied. And there exists a genuine dispute as to whether the force applied was appropriate in relation to the need for the use of force.

There exists a genuine dispute as to whether Woods acted with a malicious and sadistic purpose to inflict harm. As a result, summary judgment in favor of Woods is inappropriate if there exists a genuine dispute as to whether Plaintiff suffered more than a de minimis injury.

Plaintiff states that, as a result of his contact with Woods, he sustained the following ongoing injuries: head pain, sleeping problems, "[a]nd [his] shoulder, and [his] back, and [his] wrist. This whole right hand is messed up." (Doc. No. 50-1, Pl.'s Dep., p. 8). Additionally, Plaintiff states that, directly following the alleged incident, he

7

sustained a knot and an abrasion on his head, (Doc. No. 50-1, Pl.'s Dep., pp. 8–9), and a fractured and swollen wrist and hand, (Doc. No. 1, p. 5).

In Smith, the Court of Appeals for the Eleventh Circuit determined that, while it was a close call, Smith's injuries, burning from mace, bruises, a deep cut on his wrist and swelling, knots on his head, and bleeding from the mouth, were more than de minimis. Smith, 373 F. App'x at 967 (citing Hudson v. McMillian, 503 U.S. 1 (1992), wherein the plaintiff alleged bruises, swelling, loosened teeth, and a cracked dental plate). Like the plaintiffs in Smith and Hudson, Plaintiff alleges a cracked/fractured bone (wrist), a knot on his head, and other injuries resulting from each. There exists a genuine dispute as to whether Plaintiff suffered more than a de minimis injury. As a result, summary judgment in favor of Woods is inappropriate.

B. **Plaintiff's claims against McQuaig, Miles, and Wilson for use of excessive force**

Plaintiff does not assert that McQuaig, Miles, or Wilson had any physical contact with him. Instead, Plaintiff's claims against them are based on his allegation that they "were aware of what was going on" and "failed to protect" him. (Doc. No. 21, p. 1). "[A]n officer who is present at the scene and who fails to take reasonable steps to protect [a] victim of" the "use of excessive force can be held [ ] liable for his nonfeasance." Skrtich v. Thornton, 280 F.3d 1295, 1301 (11th Cir. 2002) (citations omitted).

Plaintiff has offered no evidence which shows a genuine dispute as to any material fact regarding whether McQuaig, Wilson, and Miles were present at the scene of Plaintiff's interaction with Woods. McQuaig and Wilson state that they were still

8

inside the unit during the interaction between Plaintiff and Woods, which occurred in the hall. (Doc. No. 50-1, McQuaig Aff., p. 19, and Wilson Aff., p. 25). Miles states that he was present when *some* of the inmates were being secured, but he "do[es] not recall seeing [ ] Woods with [Plaintiff] or handcuffing and placing [Plaintiff] on the floor." (Doc. No. 50-1, Miles Aff., p. 23) (emphasis added). Plaintiff has offered no evidence refuting these assertions.[2] Because Defendants' Motion is properly supported by the Defendants' affidavits, Plaintiff cannot rest solely on the allegations in his Complaint that they were present. Summary judgment in favor of McQuaig, Wilson, and Miles is appropriate.

### C. Plaintiff's claim against Miles for supervisory liability

Plaintiff claims that Miles "is legally responsible for the operation at Coffee Correctional Facility and for the welfare of all the inmates of that prison." (Doc. No. 24, p. 3). Defendants contend that Plaintiff cannot prove his claim against Miles for supervisory liability.

Ordinarily, supervisors are not liable for the alleged unconstitutional acts of their subordinates in a § 1983 action. See Young v. Nichols, 398 F. App'x 511, 515 (11th Cir. 2010) (citing Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010)). However,

> supervisory liability is appropriate under § 1983 either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional violation. Facts sufficient to establish a causal connection include those which support an inference that the supervisor

---

[2] Plaintiff stated in his deposition that other officers saw the alleged contact between Woods and Plaintiff, but he could not verify the names of those officers. (Doc. No. 50-1, Pl.'s Dep., p. 14).

9

directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

Id. (internal quotation marks and citations omitted).

Plaintiff does not allege that Miles personally participated in the alleged physical contact between Plaintiff and Woods. Furthermore, Plaintiff cannot establish a causal connection between the actions or inactions of Miles and the alleged physical contact between Plaintiff and Woods. Miles stated, in his affidavit, that he neither instructed nor permitted any prison employee to use unnecessary force to control the inmates during the incident that is the basis of Plaintiff's Complaint. (Doc. No. 50-1, Miles Aff., p. 23). Plaintiff has not provided any facts to support a finding that Miles knew that his subordinates would act unlawfully. Plaintiff has offered no evidence which shows a genuine dispute as to any material fact regarding whether Miles can be held liable based on a theory of supervisory liability. Summary judgment in favor of Miles is appropriate.

### D. Plaintiff's other claims

Plaintiff's Complaint, as amended, was also served on the grounds of deliberate indifference and inhumane conditions of confinement. With regard to his conditions of confinement claim, Plaintiff merely states that the prison is substantially overcrowded which poses a substantial risk of serious harm to inmates. (Doc. No. 24, p. 2). Plaintiff did not state who he intended to hold accountable for those alleged conditions. With regard to his deliberate indifference claim, Plaintiff merely states that "medical refused to look at his injuries," (Doc. No. 24, p. 2), and that "[i]t took almost 3 months to receive medical care," (Doc. No. 1, p. 5). Again, Plaintiff did not state who he intended to hold accountable for those alleged deficiencies.

10

AO 72A
(Rev. 8/82)

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This "pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A court must determine whether a plaintiff's complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Plaintiff did not link any Defendant to his conditions of confinement or deliberate indifference claims. Consequently, even accepting Plaintiff's allegations as true, the Court cannot draw the reasonable inference that any named Defendant is liable for the misconduct alleged. Plaintiff's conditions of confinement and deliberate indifference claims should be dismissed.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion for Summary Judgment be **GRANTED** in part and **DENIED** in part. It is my **RECOMMENDATION** that summary judgment be granted in favor of McQuaig, Wilson, and Miles on all of Plaintiff's claims against them. However, it is my **RECOMMENDATION** that Plaintiff's claim against Woods for use of excessive force

AO 72A
(Rev. 8/82)

remain pending. It is also my **RECOMMENDATION** that Plaintiff's conditions of confinement and deliberate indifference claims be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 16th day of April, 2012.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)